UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUKE ENERGY OHIO, INC.,
        Plaintiff,

                                    Case No. 1:07-cv-12

  vs.

                                    Spiegel, J.
                                    Black, M.J.

TORRANCE SMITH,
        Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION TO REMAND BE GRANTED; AND (2) THIS CASE BE REMANDED TO HAMILTON COUNTY MUNICIPAL COURT**

On October 23, 2006, Plaintiff Duke Energy Ohio, Inc. ("Duke Energy") instituted the within action against Defendant in the Hamilton County Municipal Court. Through its complaint, Duke Energy seeks to recover $5,495.86 from Defendant for utility services provided to him. The only cause of action asserted against Defendant relates to his account with Duke Energy, which allegedly is in arrears.

Defendant was served with the complaint on October 27, 2006. On November 22, 2006, Defendant responded to the municipal court action by filing an answer to discovery and motion to countersuit. Thereafter, on January 5, 2007, Defendant filed his notice of removal to this Court.

This civil action is now before the Court on Plaintiff's motion to remand, based on Defendant's failure to timely file his notice and/or properly demonstrate federal court

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

jurisdiction.

For the reasons that follow, the undersigned agrees that this case should be remanded to Hamilton County Municipal Court.

Pursuant to 28 U.S.C. 1446(b), a defendant must file a notice of removal within 30 days of receiving service of the initial pleading. "A defendant's failure to comply with the 30 day limitation set forth in Section 1446(b) is an absolute bar to removal regardless of whether removal would have been proper if timely filed." *Grosbeck Investments, Inc. v. Alvina L. Smith*, 224 F. Supp.2d 1144, 1148 (2002); s*ee also Mitchell v.Lemmie*, 231 F. Supp.2d 693, 698 (S.D. Ohio 2002) (removal untimely where it was sought more than 30 days after defendants were served with initial pleading).

Furthermore, defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims asserted by them. *Renaissance Center Venture v. Lozovoj*, 884 F.Supp. 1132, 1137 (E.D.Mich. 1995); *Dixie Elec. Co-op. v. Citizens of Alabama*, 789 F.2d 852 (11th Cir.1986). Thus, federal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)*; see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 831 (2002) ("It follows that a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction."); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 10-11, n. 9 (1983) (Court declined to adopt proposals that "the

answer as well as the complaint ⋯ be consulted before a determination [is] made whether the case 'ar[ises] under' federal law ⋯ .")

Here, Defendant was served with Duke Energy's complaint on October 27, 2006. Thus, Defendant was required to file a notice of removal no later than November 26, 2006. However, Defendant's removal notice was not filed until January 7, 2007. Moreover, Plaintiff's complaint does not present a federal question, and, therefore, this Court lacks jurisdiction over this action.

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion to remand (doc. 6) be **GRANTED**; and that this case be **REMANDED** to the Hamilton County Municipal Court.[2]

Date: August 24, 2007                                    s/Timothy S. Black
                                                         Timothy S. Black
                                                         United States Magistrate Judge

---

[2] Additionally, because the undersigned finds that this Court lacks jurisdiction over this matter, Defendant's motions to stay, for counterclaim, and for judgment on the pleadings (docs. 8, 10 & 12) should be **DISMISSED** without prejudice.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUKE ENERGY OHIO, INC.,
        Plaintiff,

                              Case No. 1:07-cv-12

vs.

                              Spiegel, J.
                              Black, M.J.

TORRANCE SMITH
        Defendant.

## NOTICE

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).